IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HUSKY DRILLING, INC., and
TREVOR HERRERA,

    Plaintiffs,

v.            CV-01-1205 WWD/RLP-ACE

VALLEY FORGE INSURANCE COMPANY,
a foreign corporation, and CNA INSURANCE COMPANY,
a foreign corporation,

    Defendants.

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE THE TESTIMONY OF
DEFENSE EXPERT TONY SCHRADER, ESQ. FOR HIS WILLFUL FAILURE
TO ATTEND HIS OWN TIMELY NOTICED DEPOSITION OR IN THE
ALTERNATIVE AN AWARD OF RULE 37(D) SANCTIONS

Plaintiffs, by and through their attorneys of record, Vigil & Vigil, P.A. hereby submit the following memorandum of law in support of their Motion for the entry of an order excluding the trial testimony of Defense expert Tony Schrader, Esq., or in the alternative an award of discovery sanctions pursuant to Fed. R. Civ. P. 37(d) for Mr. Schrader's failure to appear at his deposition scheduled on August 17, 2002 in Austin, Texas, his place of residence.

ARGUMENT & AUTHORITY

Plaintiffs' action against Defendant CNA is for breach of contract and insurance bad faith in their failure to honor the million dollar policy limits of Husky Drilling's business automobile insurance policy for two and a half years causing injury and

1

damages to Plaintiffs-insured. Defendant CNA named Tony Schrader, Esq. as their bad faith insurance expert. Both parties mutually agreed on the scheduling of the deposition of this expert, as well as the time, and place. In order to accommodate Mr. Schrader since traveling is difficult for him based on the fact that he is a paraplegic, Plaintiffs agreed to depose Mr. Schrader in his own home town, Austin, Texas. In accordance with these arrangements, defense expert Tony Schrader's deposition was scheduled and timely noticed on July 28, 2002, setting the deposition for August 16, 2002, beginning at 11:30 a.m. in Austin, Texas. *See* Exhibit "A". Based on these agreed upon arrangements, all travel accommodations were scheduled and an airplane ticket was purchased for Ms. Vigil to fly out on Thursday, August 15, 2002.

The week of the deposition, in order to accommodate Mr. Schrader further, based on his inability to attend the deposition on Friday, Plaintiffs agree to move the deposition to Saturday, August 17, 2002, beginning at 2:00 p.m., a time specifically chosen by Mr. Schrader. *See* Exhibit "B". On Thursday morning, August 15, 2002, at approximately 10:15 a.m. defense counsel Pat Allen, telephoned Plaintiffs' office and informed Ms. Lucero that Mr. Schrader would not be able to attend his deposition after all. The reason given was that he was testifying all week in federal court and could not be present in his own home town to sit for his deposition on Saturday. Ms. Vigil was already on a plane taxing the run way when Mr. Allen called. Ms. Lucero had no way of reaching her until she arrived in Austin later that afternoon. Mr. Schrader's failure to attend his own deposition that was re-noticed in order to accommodate his

2

schedule serves as grounds for striking his testimony at trial in this case or in the alternative an award of sanctions in the amount of $3,760.00 for attorney's fees plus the cost of travel, in the amount of $ 283.50.

Fed. R. Civ. P. 37 empowers the Court to impose a spectrum of sanctions upon a party to penalize a party's conduct that is deemed sanctionable as well as to deter other parties who are tempted to employ tactics in the absence of a deterrent. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). In this case the Court can elect to strike the testimony of the expert witness, Tony Schrader, based on his willful failure to appear at his timely and appropriately noticed deposition, *see* Fed. R. Civ. P. 37, or under Rule 37(d) require that Defendant CNA or Mr. Schrader pay the resulting expenses of Plaintiffs, travel costs and reasonable attorney's fees, incurred because of Mr. Schrader's failure to appear for his deposition after being served with proper notice, and re-noticed solely to accommodate his schedule. Such sanctions are warranted and should be imposed. Ms. Vigil's last hourly rate approved by the court for her work in a bad faith case was $235.00/per hour. Mr. Schrader cost her and the Vigil & Vigil, P.A. two full eight hour days out of the office. At the approved hourly rate, the firm has lost $3,760.00. Ms. Vigil should be compensated by Defendant CNA for the cost of the airline ticket ($283.50) and Ms. Vigil's lost time from the firm. *See* Exhibit "C" & "D".

## CONCLUSION

Defendant has thwarted the objective of discovery by abusing the rules that

assure fairness in this system. The Court's intervention is required to supervise and control such behavior. *See generally Castillo v. St. Paul Fire & Marine Ins. Co.*, 828 F.Supp 594, 598 (C.D. Ill. 1992); *Unique Concepts Inc. v. Brown*, 115 F.R.D. 292 (S.D.N.Y. 1987). Sanctions in an amount of striking Defendant CNA's expert witness or awarding the cost of Plaintiffs' counsel's travel and attorney's fees is warranted so that the sanctity of this process is protected and not abused.

                    Respectfully submitted,

                    VIGIL & VIGIL, P.A.
                    2014 Central Ave., S.W.
                    Albuquerque, New Mexico 87104
                    (505) 243-1706

                    _____
                    LISA K. VIGIL
                    AMALIA S. LUCERO
                    Attorney for Plaintiffs

I hereby certify that a true and correct
copy of the foregoing pleading was forwarded
by regular mail to opposing counsel of record
this 6th day of September, 2002.

_____
Amalia S. Lucero, Esq.

4