IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HUSKY DRILLING, INC., and
TREVOR HERERRA,

      Plaintiffs,

v.         CV-01-1205 MCA/RLP-ACE

VALLEY FORGE INSURANCE COMPANY,
a foreign corporation, and CNA INSURANCE COMPANY,
a foreign corporation,

      Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**"MOTION TO STRIKE TESTIMONY OF DEFENSE EXPERT TONY SCHRADER"**

COME NOW the Defendants, by counsel, and respond as follows in opposition to Plaintiffs' "Motion to Strike the Testimony of Defense Expert Tony Schrader."

### I. BACKGROUND

In this lawsuit, Plaintiffs allege Defendants acted in bad faith in their handling of an insurance claim and lawsuit brought against Plaintiffs. Plaintiffs and Defendants have each identified an expert witness to offer opinions regarding the Defendants' alleged conduct. Discovery in this case has been ongoing for almost a year, and the Court has granted the parties several extensions of the discovery deadline.

Defendants' expert is Tony Schrader. Mr. Schrader lives in Austin, Texas. Mr. Schrader is a paraplegic and is confined to a wheelchair. He has multiple health problems related to his condition, including significantly reduced physical stamina. Mr. Schrader's condition also makes traveling difficult. Partially in recognition of Mr. Schrader's physical condition, and



partially because Plaintiffs' counsel has family members who reside in Austin, Texas, Plaintiffs' counsel agreed to travel to Austin for the deposition of Mr. Schrader rather than requiring Mr. Schrader to appear in Albuquerque for his deposition. The deposition was scheduled for Friday, August 16, 2002.

Several days before the August 16 deposition, counsel for Defendants called Plaintiffs' counsel to notify her that Mr. Schrader was currently involved as a testifying expert in an out-of-town trial which had dragged on for several weeks. Mr. Schrader had expected to testify in the case early in the week of August 16, but his testimony had been delayed, and it now appeared he would not testify in that case until August 15 or 16. Defendants' counsel stated he would need to cancel and reschedule Mr. Schrader's deposition. Plaintiffs' counsel, concerned with the approaching September 19 discovery deadline, suggested that the deposition be moved back one day to Saturday, August 17. Defendants' counsel agreed and informed Mr. Schrader of this change.

Mr. Schrader expressed concern to Defendants' counsel that he still did not know when his trial testimony would be completed, and stated that if he did not finish testifying in this out-of-town trial by Wednesday, August 14, he would be physically unable to drive back to Austin and be prepared to give his deposition on Saturday the 17th. In all candor, Defendants' counsel probably should have informed Plaintiffs' counsel at that point that Mr. Schrader could not give his deposition on August 17, but Defendants' counsel was hopeful that Mr. Schrader's trial testimony would conclude on Wednesday, August 14, and that Mr. Schrader would be able to return to Austin and be physically able to give his deposition on Saturday the 17th.

On the morning of Thursday, August 15, counsel for Defendants learned that Mr. Schrader's

testimony would not conclude until the end of the day Thursday or early Friday, and that Mr. Schrader would not be able to return to Austin and be in any physical condition to give a deposition. Defendants' counsel was unaware at that point that Plaintiffs' counsel planned on leaving Thursday for the Saturday deposition. Defendants' counsel called Plaintiffs' counsel immediately after speaking to Mr. Schrader on the morning of Thursday August 15 to inform her that Mr. Schrader's deposition needed to be cancelled and rescheduled. Unfortunately, Plaintiffs' counsel was already on an airplane on her way to Austin by the time Defendants' counsel called. Plaintiffs' counsel left Albuquerque for Austin two days early in order to spend time with her family in Austin. Plaintiffs' counsel learned the deposition had been cancelled shorly after her airplane landed in Austin.

Because of the necessity of canceling Mr. Schrader's deposition after Plaintiffs' counsel departed for Austin, Defendants voluntarily reimbursed Plaintiffs' counsel for her airfare to Austin. See Exhibit D to Plaintiffs' Motion to Strike (Letter of Defendants' Counsel to Plaintiffs' Counsel dated August 30, 2002). Plaintiffs' counsel now asks the Court to strike Defendants' expert and to order Defendants to pay her an hourly rate of $235 for her time out of the office on Thursday, August 15 and Friday, August 16. Defendants have refused to pay this additional amount because Plaintiffs' counsel specifically informed Defendants' counsel she spent Thursday, August 15 and Friday, August 16 waterskiing with her family in Austin. While Plaintiffs' counsel may argue she would not have traveled to Austin on August 15 and missed work on August 15 and 16 if she had learned earlier that the deposition was to be cancelled, there was nothing to stop Plaintiffs' counsel from returning to Albuquerque immediately after arriving in Austin and learning that the deposition was cancelled. Instead, Plaintiffs' counsel chose to stay in Austin and spend Thursday, Friday and the weekend with her family.

3

Obviously, Defendants have no criticism of Plaintiffs' counsel's choice of leaving early for Austin to spend time with her family, nor of counsel's choice to remain in Austin after the deposition was cancelled. These were decisions Plaintiffs' counsel was free to make, and most people would take advantage of such an opportunity to spend time with out-of-town relatives. But it defies all logic that Defendants should somehow pay Plaintiffs' counsel's choice.

It is also important to note that the parties quickly rescheduled the deposition of Mr. Schrader. On September 10, 2002, Plaintiffs' counsel took the deposition of Mr. Schrader in Austin, Texas.[1]

## II. ARGUMENT

"Precluding testimony from [an] expert ... is a drastic remedy and should be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." McNerney v. Archer Daniels Midland Co., 165 F.R.D. 584, 587 (W.D.N.Y. 1995). See also Kotes v. Super Fresh Food Mkts., Inc., 157 F.R.D. 18, 20 (E.D. Pa. 1994)("The exclusion of critical evidence is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence").

In the present case, there is no basis for excluding Mr. Schrader from testifying. First, Plaintiffs have taken Mr. Schrader's deposition, so it is not as if Plaintiffs have been precluded from learning what Mr. Schrader's testimony will be. In other words, the rescheduling of Tony Schrader's deposition, although causing Plaintiffs' counsel some inconvenience and providing Plaintiffs' counsel with free airfare to Austin for a family visit, has caused Plaintiffs no

---

[1] Defendants recognize that much of this background states facts that are not part of the record in the form of testimony or affidavit. If the Court deems it necessary, Defendants' counsel will gladly provide the Court with an

4

prejudice.

Second, Mr. Schrader's deposition was cancelled due to Mr. Schrader's physical inability to attend the deposition. At worst, the last-minute cancellation was due to Defendants' counsel's optimism that the deposition could go forward if it was moved back a day. In retrospect, Defendants' counsel probably should have cancelled the deposition instead of postponing it upon first learning of Mr. Schrader's dilemma. Defendants' counsel did not know Plaintiffs' counsel planned to leave for Austin two days before the deposition and there is no indication Defendants' counsel cancelled the deposition for the purpose of causing prejudice or even inconvenience to Plaintiffs' or their counsel. Moreover, there is no indication that in canceling the deposition there was a "flagrant bad faith and callous disregard of the federal rules" or "willful deception or flagrant disregard of a court order." McNerney, supra.; Kotes, supra. Simply put, there are absolutely no grounds to justify the extreme and prejudicial act of striking Defendants' expert.

Finally, for the reasons noted above, Defendants should not be made to pay Plaintiffs' counsel an hourly fee for waterskiing with her family. It was Plaintiffs' counsel's choice to leave for Austin early to spend Thursday, August 15 and Friday, August 16 with her family, and it was her choice to remain in Austin after learning the deposition was cancelled. Defendants voluntarily paid for the airfare incurred by Plaintiffs' counsel. There is no basis for forcing Defendants to pay anything further for Plaintiffs' counsel's recreation time, regardless of how skilled a waterskier Plaintiffs' counsel claims to be.

WHEREFORE, Defendants request that the Court deny Plaintiffs' Motion to Strike Defense Expert Tony Schrader.

---

affidavit from Mr. Schrader and from counsel documenting these facts.

5

Respectfully submitted,

YENSON, LYNN, ALLEN & WOSICK, P.C.

_____
Patrick D. Allen
Attorneys for Defendants
5100 Indian School Rd. N.E.
Albuquerque, NM 87110
(505) 266-3995

I hereby Certify that a true
copy of the foregoing pleading
was faxed and mailed to:

Lisa K. Vigil
Vigil & Vigil, P.A.
2014 Central Avenue SW
Albuquerque, NM 87104

on this 26th day of September, 2002.

0701.0172