IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HUSKY DRILLING, INC., and
TREVOR HERRERA,

        Plaintiffs,

v.                                  CV-01-1205 WWD/RLP-ACE

VALLEY FORGE INSURANCE COMPANY,
a foreign corporation, and CNA INSURANCE COMPANY,
a foreign corporation,

        Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE THE TESTIMONY OF
DEFENSE EXPERT TONY SCHRADER, ESQ. FOR HIS WILLFUL FAILURE
TO ATTEND HIS OWN TIMELY NOTICED DEPOSITION OR IN THE
ALTERNATIVE AN AWARD OF RULE 37(D)SANCTIONS**

Plaintiffs, by and through their attorneys of record, Vigil & Vigil, P.A. hereby submit the following reply to Defendants' response in Opposition to Plaintiffs' Motion to exclude the trial testimony of Defense expert Tony Schrader, Esq., or in the alternative an award of discovery sanctions pursuant to Fed. R. Civ. P. 37(d) for Mr. Schrader's failure to appear at his deposition originally scheduled on August 16, 2002, at 11:30 a.m., then rescheduled for August 17, 2002, at 2:00 p.m. in Austin, Texas, his place of residence.

Defendants' bad faith expert Mr. Schrader's deposition was scheduled and all travel plans made based on the date and time given to Plaintiffs by Defendants which was convenient to Defendants' counsel and their expert's scheduled. The date given



1

was <u>August 16, 2002, and the time, 11:30 a.m.</u> Plaintiffs were given this date by Defendants the <u>last of week of June</u>, and appropriately noticed the deposition on <u>June 28, 2002</u>. *See Notice attached hereto as Exhibit "A".* Travel plans were arranged and counsel's plane ticket was purchased based on the time set for the deposition requiring counsel fly out the day before, on August 15, 2002. Because of the location of the deposition, Plaintiffs' counsel was going to spend the weekend, after the deposition was completed with her family[1]. These plans would have never been made but for Defendants and their experts representations of the date and time for the deposition.

Moreover, Plaintiffs accommodated Defendants' expert because of the fact that travel is difficult for him and agreed to travel to his home town to take the deposition. Under the Rules of Civil Procedure, Defendants were required to produce their expert in New Mexico for his deposition, and Plaintiffs in conformance with this rule made their expert, Garth Allen, be available in Albuquerque for his deposition although he resides in Colorado. At no point in time until sometime on August 12 or the 13, did Defense counsel, Pat Allen, Esq. notify Plaintiffs that Mr. Schrader's deposition would need to be moved to Saturday, August 17, 2002. Even at this time, on August 12,

---

[1] Contrary to Defendants' continuous misrepresentation, Ms. Vigil had no intention of ever spending two work days, August 15 or 16 with her family or out of the office except for the fact that Defendants gave Plaintiffs August 16 as the date to depose their expert. The only choice Ms. Vigil made with respect to the scheduling of this deposition was to stay through the weekend, August 17 and 18, to spend time with her family. Defendants have not been candid with court on this fact and have tried to mischaracterize the trip as a planned vacation by making reference to the fact that Ms. Vigil went waterskiing.

Plaintiffs were never notified that it may be possible the Mr. Schrader's deposition may not occur at all that week. Obviously, Mr. Schrader knew when the cases he was serving as an expert on would be tried prior to giving this date of availability, and had notice at least during the <u>later part of July or early August</u> that it was probable he would be testifying in court during the week of August 12-16. Mr. Schrader also knows based on the fact that he testifies routinely as a defense expert in bad faith cases his physical limitations regarding testifying. However, despite this knowledge, at no point in time were Plaintiffs alerted that Mr. Schrader may have a schedule conflict or physical problems necessitating the vacating and rescheduling of his deposition.

Defense counsel inappropriately and willfully waited until the last minute to notify Ms. Vigil of the need to cancel Mr. Schrader's deposition, despite having prior knowledge that Ms. Vigil was leaving on August 15 for Austin. Defense counsel contacted Plaintiffs' counsel's office after 10:00 a.m. that morning. Ms. Vigil's flight was already taxiing the runway. Ms. Vigil could not be reached until she arrived in Austin later that day.

Sanctions are more than appropriate here based on the facts of this incident. Defendants' counsel and their expert's actions in completely failing to timely notify Plaintiffs' counsel of the necessity to cancel the deposition despite knowledge early on that a good possibility existed that the deposition would not take place constitutes willful and flagrant abuse of the discovery rules. Sanctions are appropriate for exacting retribution for unacceptable litigation behavior. *National Hockey League v.*

3

*Metropolitian Hockey Club, Inc.* 427 U.S. 639, 642-43 (1976); *See also Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985). Here, Plaintiffs incurred substantial costs and loss of attorney's fees based on the two days Ms. Vigil spent out of the office. While, Defendants have paid the cost of Ms. Vigil's ticket, this expense does not compensate counsel or Plaintiffs for the time Ms. Vigil lost while she was out of the office. Sanctions in the form of completely striking Mr. Schrader's testimony or in the alternative ordering counsel or the witness to pay Ms. Vigil's reasonable attorney's fees for lost time are appropriate based on the bad faith behavior exhibited by Defendants in willfully and intentionally withholding knowledge which could have prevented this situation. Defendants, their counsel, and their expert have willfully engaged in conduct in direct violation of the discovery rules and sanctions must be levied to deter this conduct. *See Fed. R. Civ. P 30(d)(2)*(This rule "explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person [or entity] engaged in such obstruction.").

WHEREFORE, Plaintiffs respectfully request the Court enter an Order excluding the trial testimony of expert witness Tony Schrader, Esq. or in the alternative an award of sanctions for this willful abuse of the discovery rules in the amount of $3,760.00 for attorney's fees expended on this wasted trip.

Respectfully submitted,

VIGIL & VIGIL, P.A.
2014 Central Ave., S.W.
Albuquerque, New Mexico 87104
(505) 243-1706

_____
LISA K. VIGIL
AMALIA S. LUCERO
Attorneys for Plaintiffs

I hereby certify that a true and correct copy of the foregoing pleading was forwarded by regular mail to opposing counsel of record this 30th day of September, 2002.

_____
Amalia S. Lucero, Esq.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



HUSKY DRILLING, INC.,
and TREVOR HERRERA,

      Plaintiffs,

vs.                                         Civil No. 01-1205 WWD/RLP

VALLEY FORGE INSURANCE COMPANY,
a foreign corporation, and CNA INSURANCE
COMPANY, a foreign corporation,

      Defendants.

## NOTICE OF ORAL VIDEO TAPED and STENOGRAPHIC DEPOSITION
## DUCES TECUM

TO:   Tony Schrader, P.C.
       c/o Patrick Allen, Esq.
       Attorneys for Valley Forge Insurance
         Company, et al.
       5100 Indian School Rd., NE
       Albuquerque, New Mexico 87110

PLEASE TAKE NOTICE that the Plaintiffs will take the oral deposition of Tony Schrader, said deposition to take place on Friday, August 16, 2002, at 11:30 a.m. at the Texas Bar Center, 1414 Congress Avenue, in Austin, Texas.

Pursuant to LR-CV30.1, you are further advised that this deposition will be recorded by a certified court reporter and videographer from Digital Deposition Services.

The Deponent should please bring with him to the deposition the following:

1.     All documents in his possession or control received, reviewed or created by him related to this lawsuit.



PLAINTIFF'S EXHIBIT "A"

2. All billing and time records for services performed related to this lawsuit.

3. A copy of his current curriculum vitae.

4. All material that he reviewed or that he relied upon in forming his opinions in this lawsuit.

5. A list of all depositions in which he has previously been deposed.

6. A copy of all research into the cases, any law review articles read or relied upon in formulating an opinion, and any other sources.

7. A copy of all writings or articles authored by deponent as referred to in your report.

8. Please provide all 1099's from all insurance companies that have paid you over the last five years.

9. Please provide all billings to insurance companies or their lawyers for the last five years.

Plaintiff intends that the deposition may be used at trial pursuant to Rule 30 of the Rules of Civil Procedure for the United States District Courts.

VIGIL & VIGIL, P.A.

By: *[signature]*
Lisa K. Vigil
Attorneys for Plaintiff
2014 Central Avenue SW
Albuquerque, New Mexico 87104
Telephone: (505) 243-1706
Facsimile (505) 842-1848

2

I hereby certify that I have faxed and mailed the foregoing pleading to all counsel of record this 28th day of June, 2002.

_____
Lisa K. Vigil, Esq.